SUMMARY ORDER

Bingen Gao-Zhu, a native and citizen of the People’s Republic of China, seeks review of a March 18, 2008 order of the BIA, affirming the June 12, 2006 decision of Immigration Judge (“IJ”) Barbara A. Nelson, which denied Gao-Zhu’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Bingen Gao-Zhu, No. A98 595 847 (B.I.A. Mar. 18, 2008), aff'g No. A98 595 847 (Immig. Ct. N.Y. City June 12, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA affirms the IJ’s decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ’s decision directly. Jian Hui Shao v. B.I.A., 465 F.3d 497, 500 (2d Cir.2006). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed de novo. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Upon our review of the record, we find no error in the IJ’s denial of Gao-Zhu’s application for asylum. As the IJ found, Gao-Zhu failed to establish past persecution where he was never physically harmed by the police, he was able to avoid police detection by relocating within the country, and his only encounter with the police was a single incident in which the police came to his house and arrested his mother but had no contact with him because he hid elsewhere in the house. See *728 Kambolli v. Gonzales, 449 F.3d 454, 457 (2d Cir.2006).
We further conclude that substantial evidence supports the IJ’s finding that Gao-Zhu failed to establish eligibility for asylum based on a well-founded fear of future persecution, which requires that an applicant show a subjective fear of persecution that is objectively reasonable. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). A fear is objectively reasonable “even if there is only a slight, though discernible, chance of persecution.” Diallo v. INS, 232 F.3d 279, 284 (2d Cir.2000) (citing INS v. Cardoza-Fonseca, 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)). On the other hand, a fear is not objectively reasonable if it lacks “solid support” in the record and is merely “speculative at best.” Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005).
Here, the IJ determined that Gao-Zhu did not provide sufficient evidence showing that his fear of future persecution was objectively reasonable. Gao-Zhu, who admittedly is not a Falun Gong practitioner, offered little testimony or evidence regarding the threat that he would be arrested in China for distributing Falun Gong leaflets on one occasion. As the IJ found, the letters Gao-Zhu submitted from his mother and grandmother failed to substantiate his general and meager testimony. Further, Gao-Zhu failed to submit a letter from his father, who allegedly had the most specific information regarding the police visits to Gao-Zhu’s home in China. See 8 U.S.C. § 1158(b)(l)(B)(ii) (an IJ may require corroboration of “otherwise credible testimony ... unless the applicant does not have the evidence and cannot reasonably obtain the evidence.”). Gao-Zhu’s explanation for failing to provide such a letter, that his father is a poorly educated farmer who “doesn’t really have time,” was reasonably found insufficient by the IJ. See Majidi v. Gonzales, 430 F.3d 77, 79-80 (2d Cir.2005). Because there is no “solid support” in the record for Gao-Zhu’s contention that he will be persecuted if returned to China, we will not disturb the IJ’s finding that he did not demonstrate an objectively reasonable fear of future persecution. See Jian Xing Huang, 421 F.3d at 129.
Because Gao-Zhu was unable to show the objective likelihood of future persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Turning to Gao-Zhu’s claim for CAT relief based on his illegal departure from China, aside from general country conditions evidence, he failed to provide any particularized evidence demonstrating that similarly situated individuals have been tortured upon removal to China. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 160 (2d Cir.2005). For that reason, as the IJ found, Gao-Zhu failed to meet his burden of proving he would be tortured when he returns to China.
For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot. Oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).